IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUDSON GLOBAL RESOURCES HOLDINGS, INC., a Delaware corporation, and HUDSON GLOBAL RESOURCES MANAGEMENT, INC., a Pennsylvania corporation,<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>RALPH H. HILL, JR., an individual,<br><br>　　　　　　Defendant. | 02:07cv132 |

**MEMORANDUM OPINION AND ORDER**

March 2, 2007

　　　　Presently before the Court for disposition is the MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, with brief in support (*Document Nos. 10 and 11*, respectively), filed by Defendant, Ralph H. Hill, Jr., and the BRIEF IN OPPOSITION filed by Plaintiffs, Hudson Global Resources Holdings, Inc., and Hudson Global Resources Management, Inc.  For the reasons discussed below, the motion will be denied.

**Procedural Background**

　　　　Plaintiffs, Hudson Global Resources Holdings, Inc., and Hudson Global Resources Management, Inc. (collectively referred to as "Hudson"), commenced this action on February 20, 2007, against Defendant, Ralph H. Hill, Jr., ("Defendant") for fraud in connection with a computer under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  Hudson has also asserted various state law claims.[1]

---

　　　[1]　　The state law claims are for breach of fiduciary duty, misappropriation of
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(continued...)

On February 8, 2007, and February 12, 2007, the Court heard testimony and argument on Hudson's Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction. At the conclusion of the hearing, Defendant argued the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. On February 15, 2007, Hudson filed its brief in opposition to the instant motion. The matter has been fully briefed and is ripe for disposition.

**Factual Background**

Defendant is the former Vice President of Inspection Services of Hudson's Energy, Scientific and Managed Staffing Practice Group. Defendant's employment with Hudson terminated on January 25, 2007. In its Complaint, Hudson alleges that immediately prior to his termination, Defendant "accessed and copied thousands of Hudson's files, documents, and e-mails, obtaining substantial amounts of confidential business and financial information and trade secrets from Hudson's computer network, first to a Hudson-owned laptop that had been issued to Mr. Hill for use solely in connection with Hudson's business, then to various external memory devices that Mr. Hill retains in his possession." *Verified Complaint, at ¶ 70*.

Hudson alleges that Defendant obtained information to which is not entitled, thereby violating the CFAA. Further, Hudson contends that the acts of the Defendant give rise to civil liability pursuant to 18 U.S.C. § 1030(a)(4) and 1030(g).

In the motion *sub judice*, Defendant contends that Hudson cannot satisfy the requisite monetary threshold to maintain a cause of action for fraud under the CFAA.

---

[1](...continued)
confidential information and trade secrets in violation of the Pennsylvania Uniform Trade Secret Act, tortious interference with existing contractual relationships, tortious interference with prospective contractual relationships, and unfair competition.

**Discussion**

The CFAA, which is primarily a criminal statute, punishes various fraudulent and damaging activities related to the use of computers. "However, the scope of its reach has been expanded over the last two decades. 'Employers . . . are increasingly taking advantage of the CFAA's civil remedies to sue former employees and their new companies who seek a competitive edge through wrongful use of information from the former employer's computer system.' " *P.C. Yonkers, Inc. v. Celebrations The Party and Seasonal Superstore*, 428 F.3d 504, 508 (3d Cir. 2005) (*quoting Pacific Aerospace & Elecs., Inc. v. Taylor,* 295 F. Supp. 2d 1188, 1195 (E.D. Wash. 2003))

Section 1030(g) of the CFAA provides that a civil action may only be brought if the conduct involves one of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). *18 U.S.C. § 1030(g)*. In the instant matter, the only applicable section of (a)(5)(B) is (a)(5)(B)(i): " loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value. *18 U.S.C. § 1030(a)(5)(B)(i)*. Hudson must meet this jurisdictional threshold in order to maintain its CFAA claim against Defendant.

Defendant Hill argues that "as the evidence presented at the hearing on Plaintiffs' Motion for Temporary Restraining Order And/Or Preliminary Injunction ("TRO Motion") makes perfectly clear, Hudson cannot satisfy the jurisdictional threshold of proving a 'loss . . . aggregating $5,000 in value.' " *Memo of Law, at unnumbered 1*. In support of his position, Defendant relies on *Nexans Wires S.A. v. Sark-USA*, 319 F. Supp. 2d 468 (S.D. N.Y. 2004), *aff'd,* 266 Fed. Appx. 559 (2d Cir. 2006), in which the district court found that "the international travel expenses that plaintiffs' senior executives incurred to attend a meeting with

their customer's senior executive, in which no <u>computers are said to have been examined,</u> and no computer consultant [was] said to have been present" could not satisfy the $5,000 "loss" requirement of the statute. (emphasis added.)

In response, Hudson provided the Affidavit of Timothy M. Opsitnick, the Senior Partner of JurInnov, Ltd. ("JurInnov"). JurInnov was retained by counsel for Hudson on January 26, 2007 "to investigate and analyze the extent to which a former Hudson employee, Ralph H. Hill, Jr., misappropriated confidential, proprietary, and/or commercially sensitive information relative to Hudson's business operations from Hudson's computer network prior to his leaving Hudson's employ on January 25, 2007." *Affidavit, at ¶ 2*. According to the Affidavit, between January 26, 2007, and February 14, 2007, the date of the Affidavit, JurInnov has "devoted nearly seventy (70) hours to the investigation of these issues. To date, JurInnov has provisionally invoiced Hudson's legal counsel, Cohen & Grigsby, P.C. for the total amount of $15,370.59 for services rendered." *Affidavit, at ¶ 3*.

Section 1030(e)(11) defines "loss" as

any reasonable cost to any victim, including <u>the cost of responding to an offense, conducting a damage assessment</u>, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

There appears to be no reported decisions within our circuit which discuss the contours of loss under the CFAA. However, other courts which have addressed the issue have found that a loss under the CFAA includes remedial and investigative expenses incurred by the plaintiff. *See e.g., E.F. Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 584 (1st Cir. 2001); *Forge Industrial Staffing, Inc. v. De La Fuente,* 2006 WL 2982139 (N.D. Ill. Oct. 16,

2006); *Kaufman v. Nest Seekers,* LLC, 2006 WL 2807177 (S.D. N.Y. Sept. 26, 2006); *Four Seasons Hotels and Resorts BV v. Consorcio Barr, S.A.*, 267 F. Supp. 2d 1268, 1321 (S.D. Fla. 2003); *Physicians Interactive v. Lathian Systems, Inc.*, 2003 WL 23018270 (E.D. Va. 2003); *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.,* 119 F. Supp. 2d 1121, 1126-27 (W.D. Wash. 2000).

      The Court is persuaded by the logic and reasoning of these various decisions. Accordingly, the Court finds and rules that at this preliminary stage of the litigation Hudson has satisfied the monetary threshold necessary to maintain its claim under the CFAA.

      An appropriate Order follows.

                                                          McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUDSON GLOBAL RESOURCES ) <br> HOLDINGS, INC., a Delaware corporation, ) <br> and HUDSON GLOBAL RESOURCES ) <br> MANAGEMENT, INC., a Pennsylvania ) <br> corporation, ) <br> ) <br>             Plaintiffs ) <br> ) <br>             v. ) <br> ) <br> RALPH H. HILL, JR., an individual, ) <br> ) <br>             Defendant. ) | 02:07cv-132 |

### ORDER OF COURT

**AND NOW**, this 2nd day of March, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant, Ralph H. Hill, Jr., is **DENIED.**

It is further **ORDERED** that pursuant to the Order of Court filed on February 13, 2007, counsel for the parties shall each file Proposed Findings of Fact and Conclusions of Law, with brief in support, which shall not exceed twenty (20) pages in length, on or before **March 22, 2007**.

                                                                             BY THE COURT:

                                                                             s/Terrence F. McVerry
                                                                             United States District Court Judge

cc:  Eric S. Newman, Esquire
 Cohen & Grigsby
 Email: enewman@cohenlaw.com

 Robert M. Linn, Esquire
 Cohen & Grigsby
 Email: rlinn@cohenlaw.com

 Adrian N. Roe, Esquire
 Watkins Dulac & Roe P.C.
 Email: aroe@watkinsdulac.com

 Kenneth J. Witzel, Esquire
 Watkins, Dulac & Roe P.C.
 Email: kwitzel@watkinsdulac.com