IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYSTEM ONE HOLDINGS, L.L.C., a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 02: 07-cv-0132 ) |
| RALPH H. HILL, JR., an individual, and DIAMOND TECHNICAL SERVICES, INC., a Pennsylvania corporation, | ) ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

Presently pending before the Court is the MOTION TO COMPEL DISCOVERY RESPONSES filed by Plaintiff, System One Holdings, L.L.C. (*Document No. 136*) and the RESPONSE IN OPPOSITION filed by Defendant Diamond Technical Services, Inc. (*Document No. 138*).

On December 3, 2008, Plaintiff served its Third Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents directed to Defendant Diamond Technical Services, Inc. ("DTS"), which was comprised of six (6) Requests for Admissions; six (6) Interrogatories, and four (4) Requests for Production of Documents. Plaintiff "takes issue" with the objections made by DTS to Interrogatory No. 25 and Request for Production of Documents No. 40. For the following reasons, the Motion to Compel is **DENIED**.

1. Fact discovery in this matter closed on December 24, 2008. On January 2, 2009, DTS served on Plaintiffs its Objections and Answers to Plaintiff's Third Set of Discovery Requests. On January 8, 2009, at a post discovery status conference conducted by the Court, counsel for Plaintiff indicated that he was considering filing a motion to compel; however, the

motion was not filed until March 3, 2009, nearly two months after the conference and less than two (2) weeks prior to the date that motions for summary judgment are to be filed. Therefore, the Court finds that the instant motion is untimely.

2. Upon a review of Interrogatory No. 25 and Request for Production of Documents No. 40, the Court finds that both are overbroad and unduly burdensome. Additionally, DTS represents that the information requested in Interrogatory No. 25 is not accessible to it and that responding to Request for Production of Documents No. 40 "would require a substantial undertaking," which would be quite disruptive as the "computers are being used by DTS' employees in the performance of their work at customer's locations every day."

So **ORDERED** this 18th day of March, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Eric S. Newman, Esquire
Cohen & Grigsby
Email: enewman@cohenlaw.com

Robert M. Linn, Esquire
Cohen & Grigsby
Email: rlinn@cohenlaw.com

Stuart H. Sostmann, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: shsostmann@mdwcg.com

Teresa O. Sirianni, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: tosirianni@mdwcg.com

Carl E. Harvison, Esquire
Cipriani & Werner
Email: charvison@c-wlaw.com

Alan T. Silko, Esquire
Levicoff, Silko & Deemer
Email: ASilko@LSandD.net

Jamie L. Lenzi, Esquire
Cipriani & Werner, P.C.
Email: jlenzi@c-wlaw.com